UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: THE HYMAN COMPANIES,         :    Chapter 11
Debtor                              :    Case No. 09-20523REF

# **ORDER**

AND NOW, this 24 day of July, 2013, upon my consideration of Debtor's Supplemental Objection to Claim No. 41 Roberta Ansel (the "Supplemental Objection") and Roberta Ansel's Motion for Determination of Any Remaining Issues on Debtor's Objection to Claim of Roberta Ansel, and for the reasons explained in the accompanying Memorandum Opinion of even date herewith,

IT IS HEREBY ORDERED that Debtor's Supplemental Objection is OVERRULED IN PART AND SUSTAINED IN PART, as follows:

(1) Debtor's Supplemental Objection to Ansel's claim on the basis of Section 502(b)(7), 11 U.S.C. § 502(b)(7), is time-barred as having been filed after the expiration of the Plan deadline in Section 14.1 for filing objections to proofs of claim; and

(2) Debtor's Supplemental Objection to Ansel's claim on the basis of Section 502(b)(7) is also rejected on equitable and substantive grounds; and

1

(3) Ansel's claim is subject to the limitations contained in Section 15.1 of Debtor's confirmed Plan and, as a result, Ansel may not recover post-petition interest, post-petition attorneys' fees, or post-petition court costs on account of or as part of her claim; and

(4) Ansel's claim shall be reduced to conform to the decision and award of the Massachusetts court in <u>Ansel v Hyman Companies, Inc.</u>, Docket No. MICV2005 – 01534 (the "Massachusetts Claim", which is a final decision and has a lower award than Ansel demanded in her claim, which award shall be adjusted as described in the accompanying Memorandum Opinion and subsection (3) of this Order, after the parties provide the required additional information.

IT IS FURTHER ORDERED that Ansel's Motion for Determination of Any Remaining Issues on Debtor's Objection to Claim of Ansel is HEREBY DENIED AND DISMISSED AS MOOT.

IT IS FURTHER ORDERED that the parties shall file a stipulation on or before August 16, 2013, which stipulation shall set forth the amount of pre-petition interest, pre-petition attorneys' fees, and pre-petition court costs that were awarded to Ansel by the Massachusetts court, which amounts shall be allowed as part of Debtor's claim in the bankruptcy proceeding.

IT IS FURTHER ORDERED that, if the parties fail to file the Stipulation set forth above by August 16, 2013, I shall conduct a hearing at the following place, date, and time, to determine the amount of pre-petition interest, attorneys' fees, and court costs that were awarded to Ansel in the Massachusetts state court litigation, which amounts shall be allowed as part of Ansel's claim in this bankruptcy proceeding:

**United States Bankruptcy Court - Courtroom #1
The Madison – Third Floor
Fourth and Washington Streets
Reading, PA 19601
on Tuesday, August 20, 2013, at 11:15 a.m., prevailing time.**[1]

BY THE COURT

_____
Richard E. Fehling
U.S. Bankruptcy Judge

---

[1] The 11:15 time for the hearing is selected so that the Hyman/Ansel parties know that their hearing will follow the existing Hyman matters on the docket calendar that day. If the parties believe that the 11:00 Hyman list of matters will take a number of hours, they may decide to wait until they believe the other matters are completed before coming to court. They shall inform Courtroom Deputy Ms. Spinka of their intentions.